Exhibit "A"

Electronically Issued
12/17/2019 5:22 PM

Michael Kind, Esq.
Nevada Bar No.: 13903
KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Attorney for Plaintiff John Doe (NY)*

# EIGHTH JUDICIAL DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| John Doe (NY), | CASE NO: A-19-807137-C |
| Plaintiff, | Case No.: |
| v. | Dept. No.:  Department 28 |
| Russell Road Food And Beverage, LLC dba Crazy Horse 3 Gentlemen's Club, et al, | SUMMONS |
| Defendant. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOU BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT WITHIN 21 DAYS. READ THE INFORMATION BELOW CAREFULLY.**

To the Defendant: **Russell Road Food And Beverage, LLC dba Crazy Horse 3 Gentlemen's Club**

A civil complaint has been filed by the Plaintiff against you. Plaintiff is seeking to recover the relief requested in the complaint, which could include a money judgment against you or some other form of relief.

SUMMONS                              — 1 —

1    If you intend to defend this lawsuit, within 21 calendar days[1] after this
2    Summons is served on you (not counting the day of service), you must:

3    1.    File with the Clerk of the Court, whose address is shown below, a
4          formal written response to Plaintiff's complaint, in accordance with the
5          rules of the court.

6    2.    Pay any required filing fees to the court, or request a waiver of the
7          filing fee.

8    3.    Serve a copy of your response upon the attorney whose name and
9          address is shown below

10   If you fail to respond, the Plaintiff can request your default. The court can
11   then enter judgment against you for the relief demanded by the Plaintiff in the
12   complaint, which could result in money or property being taken from you or
13   some other relief requested in Plaintiff's complaint.

14   If you intend to seek an attorney's advice, do it quickly so that your
15   response can be filed on time.

STEVEN D. GRIERSON, CLERK OF COURT

12/18/2019

By: Marie Kramer                          Date
    Deputy Clerk
    Regional Justice Center
    200 Lewis Avenue
    Las Vegas, Nevada 89155

Issued at the request of:

Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

---

[1] The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators each have 45 days after service of this Summons within which to file a response to Plaintiff's complaint.

**SUMMONS**                    — 2 —

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

## DISTRICT COURT CIVIL COVER SHEET

**CASE NO: A-19-807137-C**
**Department 28**

Clark

County, Nevada

Case No. _____

*(Assigned by Clerk's Office)*

### I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| John Doe (NY) | Russell Road Food And Beverage, LLC dba Crazy Horse 3 Gentlemen's Club, et al |
| **Attorney (name/address/phone):** Michael Kind 8860 S. Maryland Parkway, Suite 106 Las Vegas, Nevada 89123 702 337-2322 – MK@KINDLAW.COM | **Attorney (name/address/phone):** |

### II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☒ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil cover sheet.*

December 17, 2019

Date

*Signature of initiating party or representative*

*See other side for family-related case filings.*

Electronically Filed
12/17/2019 5:21 PM
Steven D. Grierson
CLERK OF THE COURT

Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Attorney for Plaintiff John Doe (NY)*

CASE NO: A-19-807137-C
Department 28

## EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

John Doe (NY),

               Plaintiff,

v.

Russell Road Food and Beverage,
LLC *dba* Crazy Horse 3
Gentlemen's Club, Doe 2 through
100, and Roe Corporation 1
through 100,

               Defendants.

Case No.:
Dept. No.:

**Complaint for damages**

**EXEMPT from Arbitration:**
    **Excess of $50,000**

**Jury Trial Demanded**

### Introduction

1.    This Complaint arises out of unlawful and deceptive actions committed by
Russell Road Food and Beverage, LLC *doing business as* Crazy Horse 3
Gentlemen's Club ("CH3"), Doe 2 through 100 and Roe Corporation 1
through 100 (collectively referred to herein as "Defendants"), causing
harm to John Doe (NY) ("Plaintiff"), in connection with a scheme in which

KIND LAW
Las Vegas, Nevada 89123

COMPLAINT

— 1 —

1    Defendants drugged Plaintiff and then drained his credit card account,
2    while Plaintiff was in and out of consciousness.

3    2.    Defendants violated multiple provisions of NRS 598, Federal and Nevada
4          RICO, and committed conversion and fraud against Plaintiff.

5    3.    Plaintiff seeks actual damages, statutory damages, consequential damages,
6          punitive damages in an amount sufficient to punish Defendants and to deter
7          others from like conduct, and attorneys' fees and costs.

8    **Jurisdiction**

9    4.    This Court has jurisdiction to hear this case.

10   5.    Defendants are people and corporations doing business in Clark County,
11         Nevada.

12   6.    The parties' relationship arose out of Plaintiff's visit to Defendants' club
13         in Las Vegas.

14   7.    Therefore, the Eighth Judicial District Court, Clark County, Nevada has
15         personal jurisdiction over both Plaintiff and Defendant and subject matter
16         jurisdiction pursuant to Article 6, Section 6 of the Nevada Constitution and
17         NRS 4.370.

18   **Parties**

19   8.    Plaintiff is an individual and a resident of New York State.

20   9.    CH3 provides adult entertainment in Las Vegas, primarily targeted toward
21         and visited by tourists and out-of-town visitors.

22   10.   The true names and capacities, whether individual, plural, corporate,
23         partnership, associate, or otherwise, of defendants Doe 2 through 100 and
24         Roe Corporation 1 through 100 inclusive are unknown to Plaintiff at this
25         time, who therefore sues these defendants by such fictitious names. The
26         full extent of the facts linking such fictitiously sued defendants is unknown
27         to Plaintiff.

KIND LAW
Las Vegas, Nevada 89123

COMPLAINT                                          — 2 —

11.   Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a Doe or Roe was and is responsible for the events described herein. Plaintiff intends to seek leave of the Court to amend this Complaint to show the true names of these fictitiously named defendants after some initial discovery.

12.   The legal responsibility of these Doe and Roe defendants arises out of, but is not limited to, their status as employees, agents, managers, officers of Defendant, and/or other related people or entities.

13.   All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendants, acting by and through their agents and employees.  Said acts and failures to act were within the scope of said agency and/or employment, and Defendants ratified said acts and omissions.

**Factual allegations**

14.   On the evening of October 11-12, 2019 (Friday night), Plaintiff visited CH3, while visiting Las Vegas with a group of his friends.

15.   At approximately 11:30 p.m., Plaintiff was invited to a back room for a dance.

16.   Plaintiff was immediately barraged by two women who began to bring Plaintiff one drink after another, and encouraging him to drink.

17.   As some point, the women gave Plaintiff and unidentified drug substance, after which Plaintiff has very little memory of what happened.

18.   Plaintiff is informed and believes that other patrons that evening were offered and encouraged to take cocaine by Defendants' staff.

19.   One witness reports being offered cocaine multiple times by multiple dancers.

KIND LAW
Las Vegas, Nevada 89123

COMPLAINT                          — 3 —

20. Another witness reported dancers at CH3 doing drugs in front of him that evening. One dancer asked this witness to "blow coke off [her] ass."

21. At approximately 6:00 a.m. on Saturday morning, Plaintiff woke up, alone, still in the back room of CH3.

22. Plaintiff then went back to his hotel to sleep.

23. When Plaintiff woke up, he discovered about $16,000 charged to his credit card, which he did not remember authorizing.

24. Over the next several days, Plaintiff noticed this number growing on his online account, finally totaling approximately $25,708.25, on two separate cards.

25. In this way, Defendants exploited, and robbed, Plaintiff by "roofying" him with alcohol and drugs and then running his credit cards for outrageous amounts.

26. Upon information and belief, Defendants believed that Plaintiff would not be able to dispute their illegal actions because of nature of these allegations, that includes alcohol, illicit drugs and adult entertainment.

27. In this way, Defendants attempted to, and did, drug, exploit, and defraud Plaintiff of tens of thousands of dollars.

28. As stated by Plaintiff in the police report: "This is fraudulent, this is theft, this is wrong, and I want to file this report so it doesn't happen to the next unsuspecting tourist."

29. Defendants are in the night life/adult entertainment industry and acted willfully and recklessly in its scheme to defraud Plaintiff.

30. As a result of Defendants' actions and failures to act, Plaintiff has suffered actual and consequential damages, and is entitled to recover actual, consequential, statutory and punitive damages, each in an amount to be determined at trial, as well as attorney's fees and costs.

KIND LAW
Las Vegas, Nevada 89113

COMPLAINT                          — 4 —

1

**First Cause of Action**

2

**Deceptive Trade Practices NRS 598**

3   31.   Plaintiff repeats, re-alleges, and incorporates by reference all previous

4          paragraphs.

5   32.   Defendant violated numerous provisions of NRS 598. Thus, Plaintiff is

6          entitled to remedies under NRS 41.600 and NRS 598.

7

**Violations of NRS 598.0915**

8   33.   NRS 598.0915 states: A person engages in a 'deceptive trade practice,' if

9          in the course of his or her business occupation, he or she:

10

11

12

> (5) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.

13

...

14

15

16

> (7) Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model.

17

...

18

> (9) Advertises goods or services with intent not to sell or lease them as advertised.

19

...

20

21

> (11) Advertises goods or services as being available free of charge with intent to require payment of undisclosed costs as a condition of receiving the goods or services.

22

...

23

> (14) Fraudulently alters any contract, written estimate of repair, written statement of charges or other document in connection with the sale or lease of goods or services.

24

> (15) Knowingly makes any other false representation in a transaction.

25   34.   Defendants violated each of the above provisions of NRS 598 when they

26          fraudulently and repeatedly charged Plaintiff's credit card while Plaintiff

27

KIND LAW
Las Vegas, Nevada 89113

1      had no ability to consent to such charges, as discussed herein, in violation

2      of NRS 598.0915.

3                   **Violations of NRS 598.092**

4   35.   NRS 598.092(8) prohibits knowingly misrepresenting the legal rights,

5      obligations or remedies of a party to a transaction.

6   36.   Defendants violated NRS 598.092 when they fraudulently and repeatedly

7      charged Plaintiff's credit card while Plaintiff had no ability to consent to

8      such charges, as discussed herein, in violation of NRS 598.092.

9                  **Violations of NRS 598.0923**

10   37.   NRS 598.0923 states that a person engages in a "deceptive trade practice"

11      when in the course of his or her business or occupation he or she knowingly

12      "Fails to disclose a material fact in connection with the sale or lease of

13      goods or services."

14   38.   Defendants violated NRS 598.0923 when they fraudulently and repeatedly

15      charged Plaintiff's credit card while Plaintiff had no ability to consent to

16      such charges, as discussed herein, in violation of NRS 598.0923.

17      **Remedies Under NRS 41.600(3) for Violations of NRS 598**

18   39.   NRS 41.600(1) states that an action may be brought by any person who is

19      a victim of consumer fraud.

20   40.   NRS 41.600(2) defines "consumer fraud" as a "deceptive trade practice"

21      as defined in NRS 598.0915 to NRS 598.0925.

22   41.   Plaintiff is entitled to recover his actual and consequential damages

23      pursuant to NRS 41.600(3)(a) in an amount to be determined at trial.

24   42.   Plaintiff is entitled to recover his reasonable attorneys' fees and costs

25      pursuant to NRS 41.600(3)(c).

26

27

KIND LAW
Las Vegas, Nevada 89113

COMPLAINT          — 6 —

43.   Defendants' conduct was oppressive, malicious, and fraudulent, such that an award of punitive damages is justified in order to punish Defendants and deter others from like conduct.

### Second Cause of Action

### Conversion

44.   Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

45.   In Nevada, an action for conversion will lie where there is a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with her title or rights therein or in derogation, exclusion, or defiance of such title or rights. *M.C. Multi-Family Development, L.L.C v. Cretdale Associates, Ltd.*, 124 Nev. Adv. Rep. 77, 193 P.3d 536, 542 (2008) (citing *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000)). Conversion is an act of general intent, and is not excused by care, good faith, or lack of knowledge. *Id.* Personal property need not be tangible in order to give rise to a conversion claim. *Id.* at 77, 538.

46.   Defendants took thousands of dollars from Plaintiff at a time when Plaintiff was not conscious and/or not able to give consent to the charges made by Defendants.

47.   Accordingly, Defendants committed the tort of conversion of personal property by wrongfully exerting dominion and control over Plaintiff's property in denial of his rights therein.

48.   Plaintiff is entitled to actual damages in an amount to be proven at trial.

49.   Plaintiff is entitled to punitive damages in an amount to be proven at trial.

50.   Plaintiff is entitled to attorney's fees pursuant to NRS 18.010 in the event Plaintiff recovers less than $20,000.00.

KIND LAW
Las Vegas, Nevada 89113

COMPLAINT                                    — 7 —

## Third Cause of Action

### Federal Civil RICO, 18 U.S.C. § 1962(c)

51. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

52. Defendant violated RICO and Plaintiff was injured as a result.

53. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. § 1961(3).

54. Each Defendant violated 18 U.S.C. § 1962(c) by the acts described herein.

55. Defendants form an association in fact for the common and continuing purpose described herein and constitute an enterprise within the meaning of 18 U.S.C. § 1962(4), engaged in the conduct of their affairs through a pattern of racketeering activity.

56. The enterprise is engaged in interstate commerce.

57. Defendants, each of whom are persons associated with, or employed by, the enterprise, did knowingly, willfully and unlawfully conduct or participate directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1962(1), 1962(5), and 1962(c). The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise.

58. Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

59. Predicate acts of racketeering activity are acts which are indictable under provisions of the U.S. Code enumerated in 18 U.S.C. § 1961(1)(B). Defendants each committed at least two such acts or else aided and abetted such acts.

KIND LAW
Las Vegas, Nevada 89123

COMPLAINT

— 8 —

60.   The acts of racketeering were not isolated, but rather the acts of Defendants were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by Defendants was continuous. There was repeated conduct throughout Plaintiff's stay in the establishment.

61.   Among other things, Defendants committed acts constituting indictable offenses under 18 U.S.C. §§ 1341 and 1343 in that they devised or intended to devise a scheme or artifice to defraud Plaintiff or to obtain money from Plaintiff by means of false or fraudulent pretenses, representations or promises. For the purpose of executing their scheme or artifice, Defendants transmitted or caused to be transmitted by means of wire communications in interstate or foreign commerce various writings, signs and signals. The acts of Defendants set forth herein were done with knowledge that the use of the mails or wires would follow in the ordinary course of business or that such use could have been foreseen, even if not actually intended. These acts were done intentionally and knowingly with the specific intent to advance Defendants' scheme or artifice.

62.   Defendants have conducted or participated in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. §§ 1962(c).

63.   The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff. Plaintiff seeks an award of damages in compensation for, among other things, the thousands of dollars Defendants stole from Plaintiff.

64.   Plaintiff accordingly seeks an award of three times the damages he sustained, and the recovery of reasonable attorneys' fees and costs of

KIND LAW
Las Vegas, Nevada 89123

1   investigation and litigation, as well as any other relief as authorized by
2   statute.

3   **Fourth Cause of Action**

4   **Conspiracy to violate Federal Civil RICO, 18 U.S.C. § 1962(d)**

5   65.   Plaintiff repeats, re-alleges, and incorporates by reference all previous
6         paragraphs.

7   66.   In violation of 18 U.S.C. § 1962(d), Defendants, and each of them,
8         knowingly, willfully, and unlawfully conspired to facilitate a scheme
9         which included the operation or management of a RICO enterprise through
10        a pattern of racketeering activity as alleged above.

11  67.   The conspiracy's purpose was to divert money from Plaintiff to their own
12        benefit.

13  68.   Each Defendant committed at least one overt act in furtherance of such
14        conspiracy.

15  69.   Even if some of the defendants did not agree to harm Plaintiff specifically,
16        the purpose of the acts they engaged in was to advance the overall object
17        of the conspiracy, and the harm to Plaintiff was a reasonably foreseeable
18        consequence of Defendants' actions.

19  70.   Plaintiff has been injured and continues to be injured by Defendants'
20        conspiracy in violation of 18 U.S.C. § 1962(d). The unlawful actions of
21        Defendants, and each of them, have directly, illegally, and proximately
22        caused and continue to cause injuries to Plaintiff. Plaintiff seeks an award
23        of damages in compensation for, among other things, the thousands of
24        dollars that Defendants stole from Plaintiff. Plaintiff further seeks an award
25        of three times the damages he sustained, and the recovery of reasonable
26        attorneys' fees and costs of investigation and litigation, as well as any other
27        relief, as authorized.

KIND LAW
Las Vegas, Nevada 89123

1

**Fifth Cause of Action**

2

**Fraud**

3    71.   Plaintiff repeats, re-alleges, and incorporates by reference all previous

4          paragraphs.

5    72.   Defendants, upon information and belief, knowingly and intentionally

6          incapacitated Plaintiff and charged his credit card while Plaintiff was not

7          in a position to authorize such charges.

8    73.   Defendants' fraudulent acts include those set forth above.

9    74.   Plaintiff justifiably relied on Defendant's representations and concealment

10         of their intentions. Plaintiff did so in the justifiable belief that he was

11         receiving honest services from Defendants.

12   75.   Defendants conduct was willful, wanton, malicious, and oppressive.

13   76.   Defendants' unlawful conduct has directly, legally, and proximately

14         caused and continues to cause injuries to Plaintiff. Accordingly, Plaintiff

15         seeks an award of damages in compensation for, among other things, the

16         thousands of dollars that Defendants stole from Plaintiff. Further, Plaintiff

17         seeks the imposition of punitive damages sufficient to deter Defendants

18         from committing such unlawful conduct in the future.

19

**Sixth Cause of Action**

20

**Nevada Civil RICO, NRS 207.400**

21

**(including conspiracy to violate Nevada Civil RICO)**

22   77.   Plaintiff repeats, re-alleges, and incorporates by reference all previous

23         paragraphs.

24   78.   Defendants violated Nevada RICO and Plaintiff was injured as a result.

25   79.   As detailed herein, Defendants engaged in a pattern of racketeering

26         activity, in violation of NRS 207.400(1)(a)-(j).

27   80.   Each Defendant violated NRS 207.400 by the acts described herein.

KIND LAW
Las Vegas, Nevada 89123

81. Defendants form an association in fact for the common and continuing purpose described herein and constitute an enterprise, engaged in the conduct of their affairs through a pattern of racketeering activity.

82. The enterprises engaged in interstate commerce.

83. Defendants, each of whom are persons associated with, or employed by, the enterprise, did knowingly, willfully and unlawfully conduct or participate directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of NRS 207.400. The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise.

84. Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

85. The acts of racketeering were not isolated, but rather the acts of Defendants were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by Defendants was continuous. There was repeated conduct throughout Plaintiff's stay in the establishment.

86. Defendants have conducted or participated in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as detailed herein and in violation of NRS 207.400.

87. The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff.

88. Plaintiff accordingly seeks an award of three times the damages he sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized under NRS 207.470.

KIND LAW
Las Vegas, Nevada 89123

COMPLAINT                    — 12 —

1      **Prayer for relief**

2      89.   Plaintiff respectfully requests that this Court grant Plaintiff the following

3            relief:

4            • Actual damages in excess of $15,000 in an amount to be determined

5              at trial;

6            • Consequential damages in an amount to be determined at trial;

7            • Punitive damages in an amount to be determined at trial;

8            • Attorneys' fees and costs; and

9            • Any other relief the Court may deem just and proper.

10                     **TRIAL BY JURY**

11     90.   Pursuant to the seventh amendment to the Constitution of the United States

12           of America and the Constitution of the State of Nevada, Plaintiff is entitled

13           to, and demands, a trial by jury.

14     Dated: December 17, 2019.

15                              Respectfully submitted,

16                              KIND LAW

17                              /s/ Michael Kind
18                              Michael Kind, Esq.
19                              8860 South Maryland Parkway, Suite 106
                                Las Vegas, Nevada 89123
20                              *Attorney for Plaintiff John Doe (NY)*

21

22

23

24

25

26

27

COMPLAINT                    — 13 —

Electronically Issued
12/17/2019 5:22 PM

Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Attorney for Plaintiff John Doe (NY)*

# EIGHTH JUDICIAL DISTRICT COURT
# CLARK COUNTY, NEVADA

John Doe (NY),

               Plaintiff,

    v.

Russell Road Food And Beverage,
LLC dba Crazy Horse 3
Gentlemen's Club, et al,

               Defendant.

CASE NO: A-19-807137-C
Case No.:
Dept. No.:    Department 28

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOU BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT WITHIN 21 DAYS. READ THE INFORMATION BELOW CAREFULLY.**

To the Defendant: **Russell Road Food And Beverage, LLC dba Crazy Horse 3 Gentlemen's Club**

    A civil complaint has been filed by the Plaintiff against you. Plaintiff is seeking to recover the relief requested in the complaint, which could include a money judgment against you or some other form of relief.

SUMMONS

— 1 —

1         If you intend to defend this lawsuit, within 21 calendar days[1] after this

2   Summons is served on you (not counting the day of service), you must:

3       1.     File with the Clerk of the Court, whose address is shown below, a

4          formal written response to Plaintiff's complaint, in accordance with the

5          rules of the court.

6       2.     Pay any required filing fees to the court, or request a waiver of the

7          filing fee.

8       3.     Serve a copy of your response upon the attorney whose name and

9          address is shown below

10         If you fail to respond, the Plaintiff can request your default. The court can

11   then enter judgment against you for the relief demanded by the Plaintiff in the

12   complaint, which could result in money or property being taken from you or

13   some other relief requested in Plaintiff's complaint.

14         If you intend to seek an attorney's advice, do it quickly so that your

15   response can be filed on time.

16                     STEVEN D. GRIERSON, CLERK OF COURT

17                              12/18/2019

18             By:  Marie Kramer           Date

19                Deputy Clerk

20                Regional Justice Center

                  200 Lewis Avenue

21                Las Vegas, Nevada 89155

22   Issued at the request of:

23   Michael Kind, Esq.

24   8860 South Maryland Parkway, Suite 106
    Las Vegas, Nevada 89123

25

26   [1] The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission

27   members, and legislators each have 45 days after service of this Summons within which to file a response to
Plaintiff's complaint.

SUMMONS                    — 2 —

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

# DISTRICT COURT CIVIL COVER SHEET

**CASE NO: A-19-807137-C**
**Department 28**

Clark County, Nevada

Case No.
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| John Doe (NY) | Russell Road Food And Beverage, LLC dba Crazy Horse 3 Gentlemen's Club, et al |
| Attorney (name/address/phone): Michael Kind 8860 S. Maryland Parkway, Suite 106 Las Vegas, Nevada 89123 702 337-2322 — MK@KINDLAW.COM | Attorney (name/address/phone): |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☒ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

December 17, 2019
Date

*Michael Kind*
Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Electronically Filed
12/17/2019 5:21 PM
Steven D. Grierson
CLERK OF THE COURT

1  Michael Kind, Esq.
2  Nevada Bar No.: 13903
   **KIND LAW**
3  8860 South Maryland Parkway, Suite 106
4  Las Vegas, Nevada 89123
   (702) 337-2322
5  (702) 329-5881 (fax)
6  mk@kindlaw.com
   *Attorney for Plaintiff John Doe (NY)*
7

**CASE NO: A-19-807137-C**
**Department 28**

8
9
10

## EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

11  John Doe (NY),
12                          Plaintiff,
13
14  v.
15
16  Russell Road Food and Beverage,
    LLC *dba* Crazy Horse 3
17  Gentlemen's Club, Doe 2 through
    100, and Roe Corporation 1
18  through 100,
19
20                          Defendants.

Case No.:
Dept. No.:

**Complaint for damages**

**EXEMPT from Arbitration:**
    **Excess of $50,000**

**Jury Trial Demanded**

21
22                          **Introduction**

23  1.   This Complaint arises out of unlawful and deceptive actions committed by
24       Russell Road Food and Beverage, LLC *doing business as* Crazy Horse 3
25       Gentlemen's Club ("CH3"), Doe 2 through 100 and Roe Corporation 1
26       through 100 (collectively referred to herein as "Defendants"), causing
27       harm to John Doe (NY) ("Plaintiff"), in connection with a scheme in which

COMPLAINT                           — 1 —

1       Defendants drugged Plaintiff and then drained his credit card account,

2       while Plaintiff was in and out of consciousness.

3   2.      Defendants violated multiple provisions of NRS 598, Federal and Nevada

4       RICO, and committed conversion and fraud against Plaintiff.

5   3.      Plaintiff seeks actual damages, statutory damages, consequential damages,

6       punitive damages in an amount sufficient to punish Defendants and to deter

7       others from like conduct, and attorneys' fees and costs.

8                   **Jurisdiction**

9   4.      This Court has jurisdiction to hear this case.

10   5.      Defendants are people and corporations doing business in Clark County,

11       Nevada.

12   6.      The parties' relationship arose out of Plaintiff's visit to Defendants' club

13       in Las Vegas.

14   7.      Therefore, the Eighth Judicial District Court, Clark County, Nevada has

15       personal jurisdiction over both Plaintiff and Defendant and subject matter

16       jurisdiction pursuant to Article 6, Section 6 of the Nevada Constitution and

17       NRS 4.370.

18                   **Parties**

19   8.      Plaintiff is an individual and a resident of New York State.

20   9.      CH3 provides adult entertainment in Las Vegas, primarily targeted toward

21       and visited by tourists and out-of-town visitors.

22   10.     The true names and capacities, whether individual, plural, corporate,

23       partnership, associate, or otherwise, of defendants Doe 2 through 100 and

24       Roe Corporation 1 through 100 inclusive are unknown to Plaintiff at this

25       time, who therefore sues these defendants by such fictitious names. The

26       full extent of the facts linking such fictitiously sued defendants is unknown

27       to Plaintiff.

KING LAW
Las Vegas, Nevada 89123

11. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a Doe or Roe was and is responsible for the events described herein. Plaintiff intends to seek leave of the Court to amend this Complaint to show the true names of these fictitiously named defendants after some initial discovery.

12. The legal responsibility of these Doe and Roe defendants arises out of, but is not limited to, their status as employees, agents, managers, officers of Defendant, and/or other related people or entities.

13. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendants, acting by and through their agents and employees. Said acts and failures to act were within the scope of said agency and/or employment, and Defendants ratified said acts and omissions.

### Factual allegations

14. On the evening of October 11-12, 2019 (Friday night), Plaintiff visited CH3, while visiting Las Vegas with a group of his friends.

15. At approximately 11:30 p.m., Plaintiff was invited to a back room for a dance.

16. Plaintiff was immediately barraged by two women who began to bring Plaintiff one drink after another, and encouraging him to drink.

17. As some point, the women gave Plaintiff and unidentified drug substance, after which Plaintiff has very little memory of what happened.

18. Plaintiff is informed and believes that other patrons that evening were offered and encouraged to take cocaine by Defendants' staff.

19. One witness reports being offered cocaine multiple times by multiple dancers.

KIND LAW
Las Vegas, Nevada 89123

COMPLAINT                    — 3 —

20. Another witness reported dancers at CH3 doing drugs in front of him that evening. One dancer asked this witness to "blow coke off [her] ass."

21. At approximately 6:00 a.m. on Saturday morning, Plaintiff woke up, alone, still in the back room of CH3.

22. Plaintiff then went back to his hotel to sleep.

23. When Plaintiff woke up, he discovered about $16,000 charged to his credit card, which he did not remember authorizing.

24. Over the next several days, Plaintiff noticed this number growing on his online account, finally totaling approximately $25,708.25, on two separate cards.

25. In this way, Defendants exploited, and robbed, Plaintiff by "roofying" him with alcohol and drugs and then running his credit cards for outrageous amounts.

26. Upon information and belief, Defendants believed that Plaintiff would not be able to dispute their illegal actions because of nature of these allegations, that includes alcohol, illicit drugs and adult entertainment.

27. In this way, Defendants attempted to, and did, drug, exploit, and defraud Plaintiff of tens of thousands of dollars.

28. As stated by Plaintiff in the police report: "This is fraudulent, this is theft, this is wrong, and I want to file this report so it doesn't happen to the next unsuspecting tourist."

29. Defendants are in the night life/adult entertainment industry and acted willfully and recklessly in its scheme to defraud Plaintiff.

30. As a result of Defendants' actions and failures to act, Plaintiff has suffered actual and consequential damages, and is entitled to recover actual, consequential, statutory and punitive damages, each in an amount to be determined at trial, as well as attorney's fees and costs.

COMPLAINT

—4—

1

**First Cause of Action**

2

**Deceptive Trade Practices NRS 598**

3    31.   Plaintiff repeats, re-alleges, and incorporates by reference all previous

4          paragraphs.

5    32.   Defendant violated numerous provisions of NRS 598. Thus, Plaintiff is

6          entitled to remedies under NRS 41.600 and NRS 598.

7

**Violations of NRS 598.0915**

8    33.   NRS 598.0915 states: A person engages in a 'deceptive trade practice,' if

9          in the course of his or her business occupation, he or she:

10

11         (5) Knowingly makes a false representation as to the characteristics,
           ingredients, uses, benefits, alterations or quantities of goods or services
12         for sale or lease or a false representation as to the sponsorship, approval,
           status, affiliation or connection of a person therewith.

13
           ...
14         (7) Represents that goods or services for sale or lease are of a particular
           standard, quality or grade, or that such goods are of a particular style or
15         model, if he or she knows or should know that they are of another
           standard, quality, grade, style or model.
16
           ...
17         (9) Advertises goods or services with intent not to sell or lease them as
18         advertised.
           ...
19         (11) Advertises goods or services as being available free of charge with
20         intent to require payment of undisclosed costs as a condition of receiving
           the goods or services.
21
           ...
22         (14) Fraudulently alters any contract, written estimate of repair, written
           statement of charges or other document in connection with the sale or
23         lease of goods or services.
           (15) Knowingly makes any other false representation in a transaction.
24
25   34.   Defendants violated each of the above provisions of NRS 598 when they

26         fraudulently and repeatedly charged Plaintiff's credit card while Plaintiff

27

KIND LAW
Las Vegas, Nevada 89123

COMPLAINT                        — 5 —

1    had no ability to consent to such charges, as discussed herein, in violation

2    of NRS 598.0915.

3                    **Violations of NRS 598.092**

4    35.    NRS 598.092(8) prohibits knowingly misrepresenting the legal rights,

5          obligations or remedies of a party to a transaction.

6    36.    Defendants violated NRS 598.092 when they fraudulently and repeatedly

7          charged Plaintiff's credit card while Plaintiff had no ability to consent to

8          such charges, as discussed herein, in violation of NRS 598.092.

9                    **Violations of NRS 598.0923**

10   37.    NRS 598.0923 states that a person engages in a "deceptive trade practice"

11         when in the course of his or her business or occupation he or she knowingly

12         "Fails to disclose a material fact in connection with the sale or lease of

13         goods or services."

14   38.    Defendants violated NRS 598.0923 when they fraudulently and repeatedly

15         charged Plaintiff's credit card while Plaintiff had no ability to consent to

16         such charges, as discussed herein, in violation of NRS 598.0923.

17            **Remedies Under NRS 41.600(3) for Violations of NRS 598**

18   39.    NRS 41.600(1) states that an action may be brought by any person who is

19         a victim of consumer fraud.

20   40.    NRS 41.600(2) defines "consumer fraud" as a "deceptive trade practice"

21         as defined in NRS 598.0915 to NRS 598.0925.

22   41.    Plaintiff is entitled to recover his actual and consequential damages

23         pursuant to NRS 41.600(3)(a) in an amount to be determined at trial.

24   42.    Plaintiff is entitled to recover his reasonable attorneys' fees and costs

25         pursuant to NRS 41.600(3)(c).

26

27

KIND LAW
Las Vegas, Nevada 89113

43. Defendants' conduct was oppressive, malicious, and fraudulent, such that an award of punitive damages is justified in order to punish Defendants and deter others from like conduct.

### Second Cause of Action

### Conversion

44. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

45. In Nevada, an action for conversion will lie where there is a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with her title or rights therein or in derogation, exclusion, or defiance of such title or rights. *M.C. Multi-Family Development, L.L.C v. Cretdale Associates, Ltd.*, 124 Nev. Adv. Rep. 77, 193 P.3d 536, 542 (2008) (citing *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000)). Conversion is an act of general intent, and is not excused by care, good faith, or lack of knowledge. *Id.* Personal property need not be tangible in order to give rise to a conversion claim. *Id.* at 77, 538.

46. Defendants took thousands of dollars from Plaintiff at a time when Plaintiff was not conscious and/or not able to give consent to the charges made by Defendants.

47. Accordingly, Defendants committed the tort of conversion of personal property by wrongfully exerting dominion and control over Plaintiff's property in denial of his rights therein.

48. Plaintiff is entitled to actual damages in an amount to be proven at trial.

49. Plaintiff is entitled to punitive damages in an amount to be proven at trial.

50. Plaintiff is entitled to attorney's fees pursuant to NRS 18.010 in the event Plaintiff recovers less than $20,000.00.

KIND LAW
Las Vegas, Nevada 89123

COMPLAINT

— 7 —

**Third Cause of Action**

**Federal Civil RICO, 18 U.S.C. § 1962(c)**

51. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

52. Defendant violated RICO and Plaintiff was injured as a result.

53. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. § 1961(3).

54. Each Defendant violated 18 U.S.C. § 1962(c) by the acts described herein.

55. Defendants form an association in fact for the common and continuing purpose described herein and constitute an enterprise within the meaning of 18 U.S.C. § 1962(4), engaged in the conduct of their affairs through a pattern of racketeering activity.

56. The enterprise is engaged in interstate commerce.

57. Defendants, each of whom are persons associated with, or employed by, the enterprise, did knowingly, willfully and unlawfully conduct or participate directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1962(1), 1962(5), and 1962(c). The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise.

58. Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

59. Predicate acts of racketeering activity are acts which are indictable under provisions of the U.S. Code enumerated in 18 U.S.C. § 1961(1)(B). Defendants each committed at least two such acts or else aided and abetted such acts.

60. The acts of racketeering were not isolated, but rather the acts of Defendants were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by Defendants was continuous. There was repeated conduct throughout Plaintiff's stay in the establishment.

61. Among other things, Defendants committed acts constituting indictable offenses under 18 U.S.C. §§ 1341 and 1343 in that they devised or intended to devise a scheme or artifice to defraud Plaintiff or to obtain money from Plaintiff by means of false or fraudulent pretenses, representations or promises. For the purpose of executing their scheme or artifice, Defendants transmitted or caused to be transmitted by means of wire communications in interstate or foreign commerce various writings, signs and signals. The acts of Defendants set forth herein were done with knowledge that the use of the mails or wires would follow in the ordinary course of business or that such use could have been foreseen, even if not actually intended. These acts were done intentionally and knowingly with the specific intent to advance Defendants' scheme or artifice.

62. Defendants have conducted or participated in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. §§ 1962(c).

63. The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff. Plaintiff seeks an award of damages in compensation for, among other things, the thousands of dollars Defendants stole from Plaintiff.

64. Plaintiff accordingly seeks an award of three times the damages he sustained, and the recovery of reasonable attorneys' fees and costs of

KIND LAW
Las Vegas, Nevada 89123

1    investigation and litigation, as well as any other relief as authorized by
2    statute.

### Fourth Cause of Action

### Conspiracy to violate Federal Civil RICO, 18 U.S.C. § 1962(d)

65.    Plaintiff repeats, re-alleges, and incorporates by reference all previous
       paragraphs.

66.    In violation of 18 U.S.C. § 1962(d), Defendants, and each of them,
       knowingly, willfully, and unlawfully conspired to facilitate a scheme
       which included the operation or management of a RICO enterprise through
       a pattern of racketeering activity as alleged above.

67.    The conspiracy's purpose was to divert money from Plaintiff to their own
       benefit.

68.    Each Defendant committed at least one overt act in furtherance of such
       conspiracy.

69.    Even if some of the defendants did not agree to harm Plaintiff specifically,
       the purpose of the acts they engaged in was to advance the overall object
       of the conspiracy, and the harm to Plaintiff was a reasonably foreseeable
       consequence of Defendants' actions.

70.    Plaintiff has been injured and continues to be injured by Defendants'
       conspiracy in violation of 18 U.S.C. § 1962(d). The unlawful actions of
       Defendants, and each of them, have directly, illegally, and proximately
       caused and continue to cause injuries to Plaintiff. Plaintiff seeks an award
       of damages in compensation for, among other things, the thousands of
       dollars that Defendants stole from Plaintiff. Plaintiff further seeks an award
       of three times the damages he sustained, and the recovery of reasonable
       attorneys' fees and costs of investigation and litigation, as well as any other
       relief, as authorized.

KIND LAW
Las Vegas, Nevada 89123

**Fifth Cause of Action**

**Fraud**

71. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

72. Defendants, upon information and belief, knowingly and intentionally incapacitated Plaintiff and charged his credit card while Plaintiff was not in a position to authorize such charges.

73. Defendants' fraudulent acts include those set forth above.

74. Plaintiff justifiably relied on Defendant's representations and concealment of their intentions. Plaintiff did so in the justifiable belief that he was receiving honest services from Defendants.

75. Defendants conduct was willful, wanton, malicious, and oppressive.

76. Defendants' unlawful conduct has directly, legally, and proximately caused and continues to cause injuries to Plaintiff. Accordingly, Plaintiff seeks an award of damages in compensation for, among other things, the thousands of dollars that Defendants stole from Plaintiff. Further, Plaintiff seeks the imposition of punitive damages sufficient to deter Defendants from committing such unlawful conduct in the future.

**Sixth Cause of Action**

**Nevada Civil RICO, NRS 207.400**

**(including conspiracy to violate Nevada Civil RICO)**

77. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

78. Defendants violated Nevada RICO and Plaintiff was injured as a result.

79. As detailed herein, Defendants engaged in a pattern of racketeering activity, in violation of NRS 207.400(1)(a)-(j).

80. Each Defendant violated NRS 207.400 by the acts described herein.

COMPLAINT                     — 11 —

81. Defendants form an association in fact for the common and continuing purpose described herein and constitute an enterprise, engaged in the conduct of their affairs through a pattern of racketeering activity.

82. The enterprises engaged in interstate commerce.

83. Defendants, each of whom are persons associated with, or employed by, the enterprise, did knowingly, willfully and unlawfully conduct or participate directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of NRS 207.400. The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise.

84. Defendants had the specific intent to engage in the substantive RICO violation alleged herein.

85. The acts of racketeering were not isolated, but rather the acts of Defendants were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by Defendants was continuous. There was repeated conduct throughout Plaintiff's stay in the establishment.

86. Defendants have conducted or participated in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as detailed herein and in violation of NRS 207.400.

87. The unlawful actions of Defendants, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff.

88. Plaintiff accordingly seeks an award of three times the damages he sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized under NRS 207.470.

COMPLAINT                    — 12 —

1          **Prayer for relief**

2    89.   Plaintiff respectfully requests that this Court grant Plaintiff the following

3          relief:

4          • Actual damages in excess of $15,000 in an amount to be determined

5            at trial;

6          • Consequential damages in an amount to be determined at trial;

7          • Punitive damages in an amount to be determined at trial;

8          • Attorneys' fees and costs; and

9          • Any other relief the Court may deem just and proper.

10                  **TRIAL BY JURY**

11   90.   Pursuant to the seventh amendment to the Constitution of the United States

12         of America and the Constitution of the State of Nevada, Plaintiff is entitled

13         to, and demands, a trial by jury.

14   Dated: December 17, 2019.

15                              Respectfully submitted,

16                              **KIND LAW**

17                              /s/ Michael Kind

18                              Michael Kind, Esq.

19                              8860 South Maryland Parkway, Suite 106
                                Las Vegas, Nevada 89123

20                              *Attorney for Plaintiff John Doe (NY)*

21

22

23

24

25

26

27

COMPLAINT                    — 13 —

Electronically Filed
12/17/2019 5:21 PM
Steven D. Grierson
CLERK OF THE COURT

1    Michael Kind, Esq.
2    Nevada Bar No.: 13903
     **KIND LAW**
3    8860 South Maryland Parkway, Suite 106
4    Las Vegas, Nevada 89123
     (702) 337-2322
5    (702) 329-5881 (fax)
6    mk@kindlaw.com
     *Attorney for John Doe (NY)*

CASE NO: A-19-807137-C
Department 28

7

8         **EIGHTH JUDICIAL DISTRICT COURT**
9            **CLARK COUNTY, NEVADA**

10   John Doe (NY),

                           Case No.:

11                 Plaintiff,      Dept. No.:

12      v.

13                           **Initial Appearance Fee Disclosure**
     Russell Road Food And Beverage,
14   LLC dba Crazy Horse 3 Gentlemen's
15   Club, et al,

16               Defendant.

17

18        **INITIAL APPEARANCE FEE DISCLOSURE (NRS 19)**

19        Pursuant to NRS 19, as amended by Senate Bill 106, filing fees are

20   submitted for parties appearing in the above entitled action as indicated below:

21       **First appearance fee: $270**

22       **Total Paid**: **$270**.

23       Dated: December 17, 2019.

24                        **KIND LAW**

25                        /s/ Michael Kind
26                        Michael Kind, Esq.
                         8860 South Maryland Parkway, Suite 106
27                        Las Vegas, Nevada 89123

8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

Electronically Filed
12/18/2019 9:21 AM
Steven D. Grierson
CLERK OF THE COURT

1   **NOTA**
    David H. Krieger, Esq.
2   Nevada State Bar No. 9086
    HAINES & KRIEGER, LLC
3   8985 S. Eastern Ave., Suite 350
4   Henderson, NV 89123
    Phone: (702) 880-5554
5   dkrieger@hainesandkrieger.com
    *Attorneys for Plaintiff*
6   JOHN DOE (NY)

7                    **NEVADA STATE COURT**
                     **CLARK COUNTY NEVADA**

8
9   | JOHN DOE (NY),                              | Case No. A-19-807137-C          |
    |                                             | Department 28                  |
10  | Plaintiff,                                  |                                |
    | v.                                          | **NOTICE OF APPEARANCE**       |
11  |                                             |                                |
12  | RUSSELL ROAD FOOD AND BEVERAGE              |                                |
    | D/B/A CRAZY HORSE 3 GENTLEMAN'S             |                                |
13  | CLUB, DOE 2-100 AND ROE CORP. 1-100,        |                                |
14  | Defendants.                                 |                                |

15

16          Please take notice that the Law Firm of Haines & Krieger, LLC (the "Firm"), through its

17  attorney, David H. Krieger, Esq., hereby appears for JOHN DOE (NY), the Plaintiff in the above

18  matter.

19                                  DATED December 18, 2019

20                                  **HAINES & KRIEGER, LLC**

21                                  By: David H. Krieger, Esq.
                                    David H. Krieger, Esq.
22                                  *Attorneys for Defendant*
                                    JOHN DOE (NY)
23

24

25

26

27

28

HAINES & KRIEGER, LLC
8985 S Eastern Ave., Suite 350
Henderson, NV 89123